A IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**TOMMY E. GOODSON,**

        Plaintiff,

v.

**CIVIL ACTION No. 1:20-CV-227**
Judge Bailey

**CHRISTOPHER MEYER, P.A.,**
**JOHN PYLES, P.A.,**
**TROUTMAN,** Corrections Officer,
**LEIGH BIRD,** PA Hazelton, and
**COAKLEY,** Warden,

        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 35]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 8, 2021, wherein he recommends that plaintiff's Federal Civil Rights Complaint (***Bivens*** Action) [Doc. 13] be denied and dismissed with prejudice for its failure to exhaust administrative remedies and as time-barred. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND**

Plaintiff filed his complaint on September 14, 2020. After providing plaintiff with the Court-Approved Form, he filed his Amended Complaint on December 14, 2020. *See* [Doc. 13]. Pursuant to ***Bivens v. Six Unknown Named Agents of Federal Bureau of***

*Narcotics*, 403 U.S. 388 (1971), plaintiff asserts three (3) claims against defendants. First, plaintiff asserts he has a constitutional right to be free from unnecessary pain and suffering and he was denied this constitutional right due to the deliberate indifference of the defendants. *See* [Doc. 13 at 7]. Second, plaintiff asserts he suffered retaliation from defendants for developing kidney stones and his attempted suicide contrary to his due process and equal protection rights. *See* [Id. at 8]. Third, plaintiff asserts again defendants retaliated aainst gim for attempting suicide and permitted an untrained medical layman to perform medical procedures on plaintiff.

Plaintiff states he has suffered great pain, loss of sleep, anxiety and stress from defendants conduct and continues to suffer from PTSD from his experience including an injury to his kidneys and urinary tract. *See* [Id. at 9]. For relief, plaintiff seeks monetary damages of $480,000.00 plus punitive damages of $500,000.00. *See* [Id.].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

2

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objections [Doc. 37] on November 22, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

#### A.   Objections to R&R

In the R&R, Magistrate Judge Mazzone found that the statute of limitations for bringing these **Bivens** claims expired long before plaintiff filed this action. Because plaintiff failed to exhaust his administrative remedies, Magistrate Judge Mazzone recommends that plaintiff's Complaint be denied and dismissed as time-barred.

Plaintiff filed his objections on November 22, 2021. *See* [Doc. 37]. Therein, plaintiff asserts two (2) objections to the R&R. First, plaintiff argues that he properly exhausted his administrative remedies in accordance with the federal regulations. *See* [Id. at 2–4].

3

Second, plaintiff objects to the dismissal of his complaint based on the statute of limitations because this Court is acting as a "de facto attorney for the defendants" by raising the statute of limitations defense. See [Id. at 4–5].

Plaintiff's first objection fails because he provides no further evidence that he did in fact file a BP-9 with the Warden. As the R&R states, there is "no indication that the plaintiff ever submitted the BP-9 at all, given that both of his rejection notices prompt him to produce the same." See [Doc. 35 at 8]. Plaintiff relies on the premise that when there is no response to a BP-9 or BP-10, an inmate must proceed to the next stage or he will lose the claim or grievance. However, he still has provided no evidence that the BP-9 was filed. In fact, all of the evidence this Court has points to the fact that plaintiff did not successfully file a BP-9 and thus did not exhaust his administrative remedies. Thus, plaintiff's first objection will be overruled.

Plaintiff's second objection also fails. This Court is permitted to address the statute of limitations defense *sua sponte* because the above-styled case deals with a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. See **Nasim v. Warden, Md. House of Corrections**, 64 F.3d 951, 953–54 (4th Cir. 1995). Because it is apparent on the face of the complaint that the statute of limitations for bringing these **Bivens** claims expired long before plaintiff filed this action, plaintiff's second objection is overruled.

## IV. CONCLUSION

Having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, plaintiff's objections [**Doc. 37**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 35**] should be, and is,

4

hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that plaintiff's Federal Civil Rights Complaint (***Bivens*** Action) [**Doc. 13**] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: November 22, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**